UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CAT 5 GLOBAL, LLC | CIVIL ACTION |
| VERSUS | NO: 23-4130 |
| OCCIDENTAL FIRE AND CASUALTY COMPANY OF NORTH CAROLINA | SECTION: "T" (1) |

## ORDER AND REASONS

The Court has before it Defendant Occidental Fire and Casualty Company of North Carolina's ("Occidental") Motion to Dismiss the above-captioned action for lack of jurisdiction and pursuant to Federal Rule of Civil Procedure 12(b)(6). R. Doc. 11. Plaintiff Cat 5 Global, LLC ("Cat 5") has filed an opposition, R. Doc. 13, and Occidental has submitted a reply memorandum, R. Doc. 16. Having considered the parties' briefing, as well as the applicable law and facts, the Court will GRANT IN PART and DENY IN PART Occidental's Motion.

**I.     BACKGROUND**

This case arises from damage sustained by a property owned by non-party Gaynell Parretto when Hurricane Ida struck on August 29, 2021 (the "Property"). R. Doc. 1 at 2. At that time, the Property was insured under a policy with Occidental (the "Policy"). *Id.* Parretto entered into a contract with Cat 5 to perform remediation work on the Property. *Id.* Included in that contract was the following "Assignment of Insurance Claim Benefits" provision (the "Provision"):

1

> Client hereby assigns to CAT 5 any and all insurance rights, benefits, and proceeds which pertain to services rendered in relation to the above loss, under any applicable policy of insurance, whether listed on this contract or not. The assignment of rights, benefits, and proceeds is limited to the amount of CAT 5's invoice for services rendered in relation to the above claim and the right and ability to collect same directly from my [sic] insurer, including the right to file suit and to seek attorney's fees and court costs. Client hereby waves any homestead exemption which might be applicable to such insurance funds. Any and all other insurance rights, benefits, and proceeds shall continue to belong to the Client.

R. Doc. 11-3 at 1. Pursuant to the Provision, Cat 5 filed the instant suit against Occidental, alleging Occidental failed to pay $43,542.12 owed to it under the insurance policy for work performed on the Property, as well as claims for statutory bad faith penalties under La. R.S. § 22:1892 and § 22:1973 or, in the alternative, for unjust enrichment. R. Doc. 1 at 3–4. Cat 5 asserts the Court can assert subject matter jurisdiction over this action under 28 U.S.C. § 1332 because there is diversity between the parties and the matter in controversy exceeds $75,000. *Id.* at 2. Occidental now moves the Court to dismiss Cat 5's claims against it, arguing Cat 5 has failed to state a claim upon which relief can be granted under La. R.S. §§ 22:1892 and 22:1973, and, in the absence of a viable claim for statutory bad faith penalties, Plaintiff's potential recovery falls far short of the $75,000 requirement for this Court's diversity jurisdiction. R. Doc. 11.

## II.  APPLICABLE LAW

Rule 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted." To survive a motion to dismiss under Rule 12(b)(6), a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A court's task in considering whether a plaintiff has stated a plausible claim to relief is to "determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Body by Cook, Inc. v. State Farm*

*Mut. Auto. Ins.*, 869 F.3d 381, 385 (5th Cir. 2017) (citing *Doe ex rel. Magee v. Covington Cty. Sch. Dist. ex rel. Keys,* 675 F.3d 849, 854 (5th Cir. 2012)). Thus, courts must construe the allegations in the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded factual allegations and drawing all reasonable inferences in the plaintiff's favor. *Lovick v. Ritemoney Ltd.,* 378 F.3d 433, 437 (5th Cir. 2004) (citing *Herrmann Holdings Ltd. v. Lucent Techs., Inc.,* 302 F.3d 552, 558 (5th Cir. 2002)). A complaint need not contain detailed factual allegations, but must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

### III. DISCUSSION

The basis of Occidental's Motion is that the Provision's assignment of rights from Parretto to Cat 5 does not include the right to raise claims for bad faith penalties under §§ 22:1892 and 22:1973. R. Doc. 11 at 7. Occidental points primarily to *Frisbie v. State Farm Fire & Cas. Co.*, a recent case out of the Western District of Louisiana, in which the court dismissed §§ 22:1892 and 22:1973 claims raised by Cat 5 in that action, holding based on an identical "Assignment of Insurance Claim Benefits" provision that the right to bring those claims had not been assigned to Cat 5 by Frisbie, the policyholder. 2023 WL 6284272, at *3 (W.D. La. Sept. 26, 2023).

In *Frisbie*, as here, Cat 5 sought to recover from the defendant insurer the balance of its invoice for work performed on the subject property, as well as statutory bad faith penalties, pursuant to the rights assigned to Cat 5 by the policyholder under the Provision. *Id.* at *1. The court reasoned that, under Louisiana law, the assignment of the right to bring an extra-contractual, statutory claim for bad faith penalties must be expressly provided for in the act of assignment. *Id.* at *3 (citing *Disaster Relief Servs. Of N. Carolina, LLC v. Mut. Cas. Ins. Co.*, 2009 WL 935963, at *6 (W.D. La. Apr. 6, 2009)). That is, because such bad faith claims "arise[] *not* from the contract

of insurance itself but rather from an insurer's violation of its statutory duties[,]" assignment of the right to bring contractual claims pursuant to an insurance policy does not include the right to raise §§ 22:1892 and 22:1973 without an express provision therefor. *Johno v. Doe*, 2015-0737 (La. App. 4 Cir. 3/9/16), 187 So. 3d 581, 585, *writ denied*, 2016-0777 (La. 6/17/16), 192 So. 3d 769 (emphasis original). Considering the same Provision at issue here, the *Frisbie* court noted the contract between Cat 5 and Frisbie assigned to Cat 5 her "rights . . . under any applicable policy of insurance" but expressly reserved to Frisbie "[a]ny and all other insurance rights." 2023 WL 6284272, at *3. Based on this language, the court held Frisbie had not expressly assigned her right to bring extra-contractual claims for bad faith penalties under §§ 22:1892 and 22:1973 to Cat 5, and thus dismissed those claims raised by Cat 5. *Id.*

That reasoning applies equally in this case: Parretto assigned to Cat 5 her rights against Occidental under the Policy covering the Property when Hurricane Ida hit but, under the plain terms of the Provision, "[a]ny and all other insurance rights, benefits, and proceeds shall continue to belong to the Client." R. Doc. 11-3 at 1. Thus, Parretto did not assign her right to seek statutory bad faith penalties under §§ 22:1892 and 22:1973 to Cat 5, and those claims must be dismissed.

Having so determined, the Court must consider whether it may continue to assert diversity jurisdiction over this action. Occidental argues that, without the §§ 22:1892 and 22:1973 claims, the amount in controversy falls short of the $75,000 requirement for this Court's jurisdiction. R. Doc. 11 at 7–8; *see* 28 U.S.C. § 1332. In opposition, Cat 5 points out that, in assessing whether there is subject matter jurisdiction, courts generally consider the status of the action at the time it was commenced, and that subsequent events that reduce the amount in controversy to less than $75,000 generally do not divest courts of diversity jurisdiction. R. Doc. 13 at 4–5 (citing *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1409 (5th Cir. 1995); *St Paul Mercury Indem. Co. v. Red*

*Cab Co.*, 303 U.S. 283, 289–91 (1938) ("Events occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction")).

As the Supreme Court has explained, when a court considers whether it must dismiss an action due to alleged failure to reach the amount-in-controversy requirement, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *St. Paul Mercury*, 303 U.S. at 289 (citations omitted). That is, such a suit may be dismissed only "if, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, and that his claim was therefore colorable for the purpose of conferring jurisdiction." *Id.* (citations omitted). Here, while the Court has now dismissed Cat 5's §§ 22:1892 and 22:1973 claims, Cat 5's lack of entitlement to recover under those statutes was not apparent to a legal certainty on the face of Cat 5's complaint, and there is nothing to suggest Cat 5 asserted those claims in bad faith for the purpose of conferring federal jurisdiction. Accordingly, the Court's subsequent dismissal of Cat 5's §§ 22:1892 and 22:1973 claims, although reducing the amount in controversy to under $75,000, does not divest this Court of jurisdiction over this action, and Occidental's motion to dismiss the remainder of Cat 5's claims against it for lack of jurisdiction must be denied.

## IV. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Occidental's Motion to Dismiss, R. Doc. 11, is **GRANTED IN PART** as to Cat 5's claims for bad faith penalties pursuant to §§ 22:1892 and 22:1973, which are **DISMISSED**.

**IT IS FURTHER ORDERED** that Cat 5's Motion to Dismiss is **DENIED** as to the remainder of Plaintiff's claims.

New Orleans, Louisiana, this 16th day of January, 2024.

_____
Greg Gerard Guidry
United States District Judge